1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OLYMPIANS FOR PUBLIC
ACCOUNTABILITY, a non-profit
corporation,

                Plaintiff,

    v.

PORT OF OLYMPIA,

                Defendant.

CASE NO. C09-5756BHS

ORDER DENYING MOTION
TO DISMISS

      This matter comes before the Court on Defendant's (the "Port") motion to dismiss Plaintiff's ("Olympians") case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

      On September 29, 2010, the Port moved the Court to dismiss this case under Rule 12(b)(1). Dkt. 30. The parties renoted this motion for consideration on the Court's November 26, 2010 calendar. Dkt. 35. On November 22, 2010, Olympians responded in opposition to the motion to dismiss. Dkt. 36. Although due on November 26, 2010, the

Port filed its reply brief on January 3, 2010, without any explanation for its untimeliness. Dkt. 37.

On January 3, 2010, Olympians filed a surreply wherein it moved the Court to strike the Port's reply as untimely. Dkt. 38.

## II. FACTUAL BACKGROUND

The Port is an organization of state government under the state laws governing ports or port districts. Olympians is a non-profit environmental protection organization. This case arises from the Port's ownership and operations of the Port of Olympia Marine Terminal.

On October 31, 2007, based on its allegations that the Port is violating the CWA and its NPDES permit, Olympians sent the Port notice of its intent to sue regarding these issues. *See* Dkt. 6 (Amended Complaint) ¶ 29. Subsequently, the parties entered into negotiations and reached a settlement (the "Settlement Agreement"), dated December 22, 2008. *Id*.

Olympians claimed that the Port continued to violate its NPDES permit and the CWA after the Settlement Agreement was executed, thereby violating the terms of the Settlement Agreement. *Id*. Accordingly, Olympians issued another notice of intent to sue on October 2, 2009. *Id*. ¶ 3. Following the expiration of 60 days after notice was given, Olympians filed the instant suit. *Compare* Amended Complaint, Ex. 2 (notice of violation dated October 2, 2009) *with* Dkt. 1 (Complaint, dated December 7, 2009).

In this citizen suit, Olympians allege that the Port is violating the Federal Water Pollution Control Act, commonly known as the Clean Water Act ("CWA"). Olympians also allege that the Port violated and continues to violate the terms of the parties' Settlement Agreement. Olympians claim the Court has subject matter jurisdiction over this suit pursuant to the citizen-suit provision of the Clean Water Act, 33 U.S.C. § 1251, *et seq*.

Subsequent to the filing of its action against the Port, Olympians claim to have learned of certain additional violations by the Port of its NPDES permit. Accordingly, Olympians issued another notice of intent to sue on November 23, 2009. Amended Complaint ¶ 3; *see also* Amended Complaint, Ex. 3 (copy of notice). On January 25, 2010, Olympians amended their complaint to include these additional claims. Amended Complaint. The Port does not dispute that the last notice, dated November 23, 2009, contains allegations that are different from the allegations in the prior notices. *See* Dkt. 30 at 5.

### III. DISCUSSION

**A.    Olympians' Motion to Strike**

Olympians move the Court to strike the Port's untimely reply brief. Dkt. 38. The Port filed its reply to Olympians' response in opposition to the motion to dismiss over a month late. The Port did not request an extension, provide an excuse, or make a showing of good cause for the delay. The Local Rules require timely briefing, and the Local Rules and the Federal Rules of Civil Procedure provide adequate means to obtain relief from deadlines. The Port appears to have made no attempt to comply with or utilize the rules in this instance.

Therefore, the Court grants Olympians' motion to strike the Port's untimely reply brief (Dkt. 37).

**B.    Fed. R. Civ. P. 12(b)(1)**

The Port moves the Court to dismiss this matter under Rule 12(b)(1) for lack of subject matter jurisdiction. The Port asserts that the facts pertaining to the instant motion are not in dispute for purposes of the Port's motion. *See* Dkt. 30 at 6 ("This motion is not based on any disputed facts or upon evidence outside the [C]ourt's own files"). In such a facial attack, the Court accepts as true the allegations in the complaint and views them in the light most favorable to Olympians. *See, e.g., Ojo v. Farmers Group, Inc.*, 565 F.3d

1175, 1183 (9th Cir. 2009). Accordingly, The Port has asked the Court to resolve this matter without looking to the underlying merits of the case. *See* Dkt. 30 at 6. Olympians agree with the Port that the merits should not form the basis of the Court's opinion; however, Olympians argue that dismissal under 12(b)(1) is inappropriate.

Therefore, the Court appropriately resolves the Rule 12(b)(1) motion on the face of the pleadings.

**C.   The Port's Motion to Dismiss**

The Port argues that the Court lacks subject matter jurisdiction over Olympians' case for the following reasons: (1) Olympians lack standing; (2) Olympians' claims are barred by a Settlement Agreement between the parties; (3) Olympians did not comply with the CWA notice requirements; and (4) Olympians' claims are wholly past and not continuous, which is not actionable under the CWA.

**1.      Standing**

The Port argues that Olympians lack standing to bring this suit. However, the Port mistakenly relies on "tax payer standing" cases for its position. Olympians did not assert standing under the "tax payer standing" cases. Instead, Olympians assert standing under the citizen-suit provisions of the CWA.

CWA enforcement actions may be initiated by the EPA, states, and citizens. 33 U.S.C. §§ 1319, 1365(a). This section authorizes citizens to bring suit against any person, including a corporation, who is alleged to be in violation of an effluent standard or limitation under the CWA. Effluent limitation is defined broadly to include "any unlawful act under subsection (a) of [section 301] of this title." 33 U.S.C. § 1365(f).

The citizen enforcement provisions of the CWA authorize any person having an interest which may be affected to commence a civil action on his or her own behalf against any person violating Section 301(g) of the CWA. While the citizen-suit provision of the [CWA] extends standing to the outer boundaries set by the case or controversy

requirement of Article III of the Constitution, standing is not so broad a concept that anyone can bring such an action. In order to satisfy Article III standing requirements for a CWA citizen enforcement action, a plaintiff must establish that "(1) it has suffered 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely ... that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167 (2000); *see also Natural Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985 (9th Cir. 2000), *cert. denied sub nom. Sw. Marine v. San Diego Bay Keeper*, 533 U.S. 902 (2001). "An association . . . has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Sw. Marine*, 236 F.3d at 995 (citing *Laidlaw*, 528 U.S. at 181). "The relevant showing for purposes of Article III standing . . . is not injury to the environment but injury to the plaintiff." *Laidlaw*, 528 U.S. at 181.

### a. Injury in Fact

The Ninth Circuit has held that under *Laidlaw* "an individual can establish 'injury in fact' by showing a connection to the area of concern sufficient to make credible the contention that the person's future life will be less enjoyable–that he or she really has or will suffer in his or her degree of aesthetic or recreational satisfaction–if the area in question remains or becomes environmentally degraded." *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1151 (9th Cir. 2000) (citing *Laidlaw*, 528 U.S. at 181).

Here Olympians satisfy this requirement by alleging that its members use the area and the waters near the terminal for recreational activities and that Olympians' members derive aesthetic benefits and other enjoyment from these activities. Amended Complaint ¶

18. Olympians further allege that the enjoyment of these activities is diminished by the alleged polluting of the waters by the Port. *Id.*

Based on these allegations, which the Court must take as truthful, Olympians have satisfied the "injury in fact" requirement.

### b.     Traceability

Where the alleged injury is traceable to a defendant's challenged conduct, the requirement of traceability is found satisfied. *Ecological Rights Found.*, 230 F.3d at 1152. Olympians have alleged that the Port's conduct has caused the injuries complained of and the Port has not seriously disputed this point. Indeed, the Port asserted that this motion does not arise from a dispute over the facts as alleged by Olympians.

Therefore, this requirement is also satisfied.

### c.     Redressability

Finally, a "plaintiff who seeks injunctive relief satisfies the requirement of redressability by alleging a continuing violation or the imminence of a future violation of an applicable statute or standard." *Sw. Marine*, 236 F.3d at 995. Olympians have made such allegations. *See* Amended Complaint.

Therefore, this requirement is satisfied.

### d.     Conclusion

Based on the foregoing, the Court concludes that Olympians have standing to bring this action. Therefore, the Court denies the Port's motion to dismiss on this issue.

### 2.     Notice Requirements

The Port argues that Olympians did not comply with the notice provisions of the CWA. In opposition, Olympians contend they did comply with the notice rules before filing both the Complaint regarding the October 2009 notice and the Amended Complaint to include new allegations as described in the November 2009 notice.

Citizens are required to provide 60 days notice of any alleged violations prior to commencing suit. 33 U.S.C. § 1365(b). After 60 days have passed, citizens may bring an action in federal district court to enforce against any ongoing violations of the CWA. An action is considered commenced when it appears in a pleading (e.g., Amended Complaint). *See* Fed. R. Civ. P. 3. Other courts have determined that when "a new claim . . . appears for the first time in the pleadings in the amended complaint, the court will look to the filing of the amended complaint to determine when the action is commenced." *College Park Holdings, LLC v. Racetrac Petroleum, Inc.*, 239 F. Supp. 2d 1322, 1330 (N.D. Ga., 2002) (citing *Zands v. Nelson*, 779 F. Supp. 1254, 1258 (S.D. Cal., 1991) (citing *cf. Keher Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409-10 (3rd Cir.)*, cert denied*, 501 U.S. 1222 (1991)).

Here, Olympians issued a notice of intent to sue on October 2, 2009, and then filed their Complaint more than 60 days later, on December 7, 2009. Olympians then sent the Port notice of new allegations on November 23, 2009 and waited the proper 60 days before filing their Amended Complaint on January 25, 2010.

Because we measure jurisdiction on the date of the Amended Complaint, see above, Olympians did not violate the notice requirements of the CWA. Therefore, the Court denies the Port's motion to dismiss on this issue.

### 3.    Settlement Agreement

The Port argues that the instant suit violates the terms of the Settlement Agreement between the parties. The Port further asserts that, if the Settlement Agreement is a bar to suit, Olympians must seek relief solely under the terms of the Settlement Agreement. If true, the Port argues, the Court is presented with a state law breach of contract claim and, therefore, would lack subject matter jurisdiction. In opposition, Olympians argue that the Settlement Agreement does not cover the allegations it makes within the suit and,

therefore, does not apply or present a bar to suit and that the Court has supplemental jurisdiction over the breach of contract claim.

The Port's position is unavailing because the notice requirements were met by Olympians as it pertains to the wholly new allegations notice of November 23, 2009, see above. Even assuming without deciding that the Court lacked subject matter jurisdiction over the original Complaint, this claimed lack of jurisdiction was cured by the Olympians' filing of their Amended Complaint. As it pertains to the notice of November 23, 2009, the Court has original jurisdiction over those claims, included in the Amended Complaint. Thus, at minimum, the Court would have supplemental jurisdiction over Olympians' other allegations, the merits of which may first depend upon resolving the issues surrounding the Settlement Agreement before the Court could reach Olympians' underlying CWA claims.

Therefore, the Court denies the Port's motion to dismiss on this issue.

### 4.     Claims Wholly Past and Not Continuous

For purposes of determining jurisdiction in citizen-suit action under the CWA, plaintiffs must make only "good faith allegation of continuous or intermittent violation." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 64-65 (1987) ("Congress intended a good-faith allegation to suffice for jurisdictional purposes . . .").

Olympians have made such good faith allegations for purposes of determining jurisdiction. *See* Amended Complaint. Therefore, the Court denies the Port's motion to dismiss on this issue.

ORDER - 8

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Olympians' motion to strike the Port's reply brief (Dkt. 38) is **GRANTED** and the Port's motion to dismiss (Dkt. 30) is **DENIED** as discussed herein.

DATED this 7th day of January, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 9